HALL, Judge.
Plaintiffs appeal from the trial court’s denial of their claims for personal injury and property damage arising out of a vehicular collision. The decision was based on a finding that plaintiff was contributorily negligent. We affirm.
In well-stated reasons for judgment, the trial court accurately and concisely stated the case, the facts, and the manifestly correct conclusion that plaintiff was contribu-torily negligent:
“This lawsuit arises out of an accident that occurred on May 19,1976, at about 3:20 P.M. at a point approximately IV2 miles south of Bellevue on the Bellevue-Red Chute Road when the pickup truck driven by the plaintiff, Stanley Garison, Jr. and owned by plaintiff Clif Mock Company, crashed into the rear of a 15 yard loaded dump truck owned by the Bossier Parish Police Jury and driven by John T. Bearden. Made defendants are Bearden, the Police Jury and their insurer, United States Fire Insurance Company of New York.
“The essential facts are that on the day in question, the Police Jury was engaged in making certain repairs to this road at the place where the accident occurred. Trucks were hauling iron ore in, dumping it on the road and other equipment was spreading and packing the dirt. The weather was clear and very dry, and as the trucks would approach the work area, clouds of dust would be kicked up. Both the Parish truck and the plaintiffs’ truck were being driven south, and a sign was placed on the road just as it is entered south of Bellevue announcing that road construction was ahead. The Parish truck arrived at the scene and stopped in the road. To its left in the other lane was a compacting machine so that both lanes of travel were blocked. As the truck arrived, it had kicked up a cloud of dust. The plaintiff vehicle was behind the truck, and as the plaintiff vehicle turned off on this road just south of Bellevue, another vehicle was between the plaintiff and the Parish truck. This vehicle was driven by Mrs. Mildred Smith, who was called as a witness for the plaintiffs. Mrs. Smith testified that the Parish truck kicked up dust and she slowed. She said that plaintiff passed her and that she was going approximately 30 to 35 miles per hour at the time, and that she slowed to about 20 miles per hour when plaintiff passed. A short distance later, plaintiff topped a small hill and through the dust ahead, he and his passenger could see the outline of the Parish truck. The evidence shows that the distance from the top of the hill to the place of impact was 230 feet. Plaintiff was unable to stop his vehicle in time and crashed into the rear of the Parish truck.
“Under these facts, even though there were no flagmen on the road and the Parish vehicles completely blocked both lanes of travel, the Court is of the opinion that the plaintiff Garison was nevertheless guilty of contributory negligence so as to bar recovery. The dust was thick and obscured his vision. He passed another vehicle who had been following the Parish truck at a safe distance. The road was obviously under construction and yet he drove into the dust at such speed that he was unable to stop his vehicle within 230 feet.”
Appellants accept the trial court’s findings of fact and implied finding of negligence on the part of the Police Jury as correct, but argue that the finding of contributory negligence was error. It is argued that plaintiff had the right to assume the road was clear and that the blocking of the road by Police Jury employees without adequate warning was the sole cause of the accident.
*849 The Police Jury’s failure to provide adequate warnings of the particular hazard created by it was negligence and was a cause of the accident. LSA — R.S. 32:235; Ardoin v. State, Department of Highways, 333 So.2d 412 (La.App.3d Cir. 1976), writs refused 337 So.2d 528 (1976). However, the plaintiff’s failure to operate his vehicle with a high degree of care, to reduce his rate of speed and to keep his car under such control as to reduce to a minimum the possibility of accident, in view of the obvious road construction, the presence of parish vehicles on the road, the bad condition of the road, and particularly the limited visibility caused by heavy dust, also constituted negligence which was a contributing cause of the accident. Hernandez v. State Farm Mutual Automobile Insurance Company, 192 So.2d 679 (La.App.3d Cir. 1966), writs refused 250 La. 103, 194 So.2d 99 (1967); Dove v. Messina, 230 So.2d 615 (La.App.lst Cir. 1969), writ refused, 255 La. 471, 231 So.2d 392 (1970).
The judgment is affirmed at appellants’ costs.
Affirmed.